DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTHONY GIOVANI ORELLANA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-451

[March 3, 2021]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562017CF003275A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant, whom a predecessor judge had sentenced as a youthful offender to community control and who later committed non-criminal violations of that community control, appeals from the successor judge's revocation of his community control and imposition of a six-year prison sentence. The defendant argues the successor judge: (1) failed to recognize during the sentencing hearing on the community control violations that the defendant had originally been sentenced as a youthful offender and had committed only non-criminal violations, thereby limiting the successor judge's sentencing discretion to a maximum six-year prison sentence; and (2) failed to award the defendant with a proper jail credit amount.

On the first argument, we affirm. Contrary to the defendant's argument, the record does not show the successor judge believed he had no discretion but to sentence the defendant according to the fifteen-year maximum for each second-degree felony offense or that he had a desire to sentence the defendant to an incarcerative period less than the six

years' imprisonment imposed. Further, the successor judge, in his order denying the defendant's motion to correct sentencing error, insisted he was aware of his sentencing discretion under the Youthful Offender Act's six-year incarceration limitation.

On the second argument, the state properly concedes the successor judge erred in denying the defendant's motion to correct sentence to award the correct amount of jail time credit of 82 days to 103 days, because the record does not show the defendant waived his entitlement to the correct amount of jail time credit.

Based on the foregoing, we affirm the defendant's sentence but remand for the circuit court to amend the judgment by awarding the defendant with the corrected jail credit of 103 days. The defendant need not be present for this ministerial correction.

*Sentence affirmed; remanded for correction of jail credit.*

FORST and KUNTZ, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**